**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| EQUIPO DE BALONCESTO CAPITANES DE ARECIBO, INC.,<br><br>    Plaintiff,<br><br>        v.<br><br>PREMIER BASKETBALL LEAGUE, INC.,<br><br>    Defendant. | CIV. NO. 10-1272 (PG) |

**OPINION AND ORDER**

Pending before the Court is defendant Premier Basketball League, Inc.'s motion to dismiss for lack of personal jurisdiction and improper venue (Docket No. 12). For the reasons set forth below, the Court **DENIES** its request.

**I. BACKGROUND**

On March 31, 2010, plaintiff Equipo de Baloncesto Capitanes de Arecibo, Inc. ("the Capitanes" or "Plaintiff") filed the above-captioned claim against defendant Premier Basketball League, Inc. ("PBL", "League" or "Defendant"). In the complaint, Plaintiff brings forth several causes of action against the Defendant for breach of contract, breach of implied covenant of good faith and fair dealing, and tortious and intentional interference with prospective economic advantage in violation of the applicable laws of Illinois. See Docket No. 1. Federal jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332 inasmuch as Plaintiff is a Puerto Rico corporation and PBL is incorporated in Illinois. See Docket No. 1 at ¶¶ 9-10.

The Capitanes also requested that this Court issue a temporary restraining order ("TRO") and a preliminary injunction against the PBL enjoining and restraining the Defendant from carrying out its determination to expel the Capitanes from the League for the remainder of the regular and post season. See Docket No. 4. A preliminary injunction hearing was set for April 8, 2010, and on the eve of said hearing, the Defendant filed a motion to dismiss for lack of personal jurisdiction and improper venue (Docket No. 12). Immediately prior to the scheduled hearing, the undersigned met with the parties and gave them an opportunity to orally argue their respective positions on the subject in light of the pressing nature of the matter.

CIV. NO. 10-1272 (PG)                                                    Page 2

## II. STANDARD OF REVIEW

### A. Lack of Personal Jurisdiction

Under Rule 12(b)(2), a defendant may move to dismiss an action against it for lack of personal jurisdiction. See FED.R.CIV.P. 12(b)(2). The plaintiff bears the burden of proving that the Court has personal jurisdiction over the defendants. See Daynard v. Ness. Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir.2002) (citations omitted). A district court faced with such a motion "may choose among several methods for determining whether the plaintiff has met its burden: the "prima facie" standard, the "preponderance-of-the-evidence" standard, or the "likelihood" standard. … The "most conventional" and "most commonly used" of these methods is the "prima facie" standard." Fiske v. Sandvik Mining, 540 F.Supp.2d 250, 254 (D.Mass. 2008) (citing Daynard, 290 F.3d at 50-51 & n. 5; Foster-Miller, Inc. v. Babcock & Wilcox Can., 46 F.3d 138, 145 (1st Cir.1995); Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir.1992)).

Under the prima facie standard, the district court determines "whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Boit, 967 F.2d at 675. "In order to make a prima facie showing of jurisdiction, "the plaintiff ordinarily cannot rest upon the pleadings but is obliged to adduce evidence of specific facts."" Phillips v. Prairie Eye Center, 530 F.3d 22, 26 (1st Cir.2008) (quoting Foster-Miller, 46 F.3d at 145). The court then "add[s] to the mix facts put forward by defendants, to the extent they are uncontradicted." Daynard, 290 F.3d at 51 (internal citations omitted). The prima facie method is appropriate here because the jurisdictional inquiry does not involve materially conflicting versions of the relevant facts.

### B. Improper Venue

Under Rule 12(b)(3), a defendant may move to dismiss an action against it for improper venue. See FED.R.CIV.P. 12(b)(3). A motion to dismiss based on improper venue under Rule 12(b)(3) puts the burden on the plaintiff to demonstrate that the action was brought in a permissible forum. See Cordis Corp. v. Cardiac Pacemakers, 599 F.2d 1085, 1086 (1st Cir.1979). The procedural analysis applied in determining a challenge of venue under Rule 12(b)(3) follows the procedure for analysis employed in a motion under Rule 12(b)(2), discussed above. See Steen Seijo v. Miller, 425 F.Supp.2d 194, 198 (D.P.R. 2006) (citing M.K.C. Equip. Co. v. M.A.I.L. Code, Inc., 843 F.Supp. 679, 682-83 (D.Kan. 1994)).

CIV. NO. 10-1272 (PG)                                                    Page 3

### III. DISCUSSION

**A. Personal Jurisdiction**

"An exercise of jurisdiction must be authorized by state statute and must comply with the Constitution." Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir.2005) (quoting Noonan v. Winston Co., 135 F.3d 85, 89 (1st Cir.1998)). "Puerto Rico's long-arm statute allows Puerto Rico courts to exercise jurisdiction over a non-resident defendant if the action arises because that person: (1) transacted business in Puerto Rico personally or through an agent; or (2) participated in tortuous acts within Puerto Rico personally or through his agent." Negron-Torres v. Verizon Communications, Inc., 478 F.3d 19, 24 (1st Cir.2007) (citing P.R. Laws Ann. tit. 32, App. III, R. 4.7(a)(1)) (quotation marks omitted). The First Circuit Court of Appeals has noted "that the reach of Puerto Rico's long-arm statute stretches 'up to the point allowed by the Constitution.' … Therefore we proceed directly to the constitutional inquiry." Negron-Torres, 478 F.3d at 24 (citing Benítez-Allende v. Alcan Aluminio do Brasil, S.A., 857 F.2d 26, 29 (1st Cir.1988) (quoting Indus. Siderúrgica v. Thyssen Steel Caribbean, Inc., 114 P.R. Dec. 548, 558 (1983))).

"The due process clause imposes several requirements on the exercise of personal jurisdiction over out-of-state defendants." Harlow, 432 F.3d at 57. First of all, "[i]n order for [Puerto Rico] to exercise personal jurisdiction over … an out-of-state defendant, the Due Process Clause requires that [the defendant] have sufficient minimum contacts with the state, such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." Adams v. Adams, No. 09-1443, 2010 WL 1224233, at *3 (1st Cir. March 31, 2010) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)) (quotation marks omitted). "For specific jurisdiction, the plaintiff's claim must be related to the defendant's contacts. For general jurisdiction, in which the cause of action may be unrelated to the defendant's contacts, the defendant must have continuous and systematic contacts with the state." Harlow, 432 F.3d at 57. "The standard for evaluating whether … contacts satisfy the constitutional general jurisdiction test 'is considerably more stringent' than that applied to specific jurisdiction questions." Harlow, 432 F.3d at 64 (internal citations omitted); see also Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 54 (1st Cir.2002) (general jurisdiction requires that the defendant's activities in the forum be continuous and systematic, whereas specific jurisdiction requires a lesser showing).

CIV. NO. 10-1272 (PG)                                                    Page 4

"Second, for either type of jurisdiction, the defendant's contacts with the state must be purposeful. And third, the exercise of jurisdiction must be reasonable under the circumstances." Harlow, 432 F.3d at 57 (internal citations omitted).

### 1. Specific Jurisdiction

For specific jurisdiction, the constitutional analysis is divided into three categories: relatedness, purposeful availment, and reasonableness, all of which the Plaintiff must demonstrate. See Phillips, 530 F.3d at 27.

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

Id. at 27 (citing Adelson v. Hananel, 510 F.3d 43, 49 (1st Cir.2007)).

#### a. Relatedness

The relatedness prong requires that "[t]he evidence produced to support specific jurisdiction … show that the cause of action either arises directly out of, or is related to, the defendant's forum-based contacts." Phillips, 530 F.3d at 27 (citing Harlow, 432 F.3d at 60-61). "There must be more than just an attenuated connection between the contacts and the claim; the defendant's in-state conduct must form an important, or at least material, element of proof in the plaintiff's case." Phillips, 530 F.3d at 27 (citing Harlow, 432 F.3d at 61).

Plaintiff brings forth both a breach of contract claim and a tort claim. "Although the standard for relatedness for a tort claim is typically different from that of a contract claim, Jet Wine & Spirits, Inc. v. Bacardi & Co., 298 F.3d 1, 10 (1st Cir.2002), here the two claims are sufficiently connected that the difference is of no concern." Phillips, 530 F.3d at 27. Therefore, we must consider whether the Capitanes' claims against the PBL arise out of or are related to PBL's contact with Puerto Rico. In making this determination, the parties' prior negotiations and contemplated future consequences, the terms of the contract, and the parties' course of dealing are all important factors to draw inferences from. See Adelson, 510 F.3d at 49. Also relevant to the inquiry is whether the defendant's activity in the forum state was instrumental either in the formation of the contract or its breach, and whether the contract

CIV. NO. 10-1272 (PG)                                                         Page 5

subjected the defendant to an ongoing connection to the forum state in the performance of the contract. Id. at 49.

In the case at hand, it stems form the record that PBL invited the Capitanes to participate in its 2009-2010 season, and the Capitanes accepted. After PBL obtained the required permits from the local basketball federation, the parties proceeded to enter into a Participation Agreement, which regulates the relationship between the League and the member teams. As part of the Capitanes' participation in the League, it was required to travel to the continental United States and Canada in order to play versus the other teams in the PBL. By the same token, the teams from other states and Canada were required to travel to Puerto Rico to play against the Capitanes. These games were scheduled and officiated by the League, including the ones in Puerto Rico, and the tickets were sold by the League. In addition, League representatives were also present during games.

Now, the present claim is brought about because shortly before the end of the regular season, the PBL expelled the Capitanes from the League after the Plaintiff allegedly failed to respond to some of Defendant's demands. This action prevented the Plaintiff from playing the last game of the regular season and from further participation during the play-offs, to which they had already earned a spot. According to the Plaintiff in its complaint, said determination was made in an arbitrary, discriminatory and illegal manner in violation with the Participation Agreement.

In its motion to dismiss, the Defendant contends - relying on Phillips - that entering into a contract with a resident of Puerto Rico cannot automatically establish minimum contacts. See Docket No. 12. We disagree with the Defendant because it stems from the record that it did more than just that. By reaching out to a team in Puerto Rico, entering into an agreement with said team, and carrying out and officiating multiple games in Puerto Rico, the PBL undoubtedly subjected itself to an ongoing connection to the forum state. In fact, the only contemplated future consequence of entering into such a contract with a Puerto Rico team could have only been to carry out **ongoing activity** in this forum.

Moreover, the Defendant cannot come now, after expelling the Capitanes from its league, and argue that its ties to this forum are insufficient to support a finding of personal jurisdiction. Specific jurisdiction should be measured by the contacts before and surrounding the accrual of the cause of action. See Harlow, 432 F.3d at 61 (citing Cambridge Literary Props., Ltd. v.

W. Goebel Porzellanfabrik G.m.b.H & Co. Kg., 295 F.3d 59, 63 (1st Cir.2002) ("[F]or purposes of specific jurisdiction, contacts should be judged when the cause of action arose, regardless of a later lessening or withdrawal."). Had it not been for the Defendant's actions complained of by the Plaintiff, the PBL's ongoing ties to this forum would still exist.

Finally, the dispute between Capitanes and the PBL over the legality of the PBL's actions would not have arisen but for their contract. Because the very document that represents PBL's forum-related activity is itself the cause and object of the lawsuit, this activity comprises the source and substance of, and is thus related to the present claim. In conclusion, it is undisputable that the instant action arises from and is related to the PBL's activities within this forum.

### b. Purposeful Availment

The Due Process Clause requires fair warning as to where individuals' conduct will subject them to suit, and for purposes of specific jurisdiction, this "fair warning" requirement is satisfied if the defendant has "purposefully directed" its activities at residents of the forum, and the litigation results from alleged injuries that "arise out of or relate to" those activities. See Harlow, 432 F.3d at 62 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-472 (1985)). "The focus of the purposeful availment inquiry is the defendant's intentionality." Adams, 2010 WL 1224233 at *4.

> This prong is only satisfied when the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on these contacts. … Purposeful availment rests on the elements of voluntariness and foreseeability. … Voluntariness requires that the defendant's contacts with the forum state proximately result from actions by the defendant himself. … The contacts must be deliberate, and not based on the unilateral actions of another party. … Foreseeability requires that the contacts with the forum state be of a nature that the defendant could reasonably anticipate being haled into court there.

Id. (internal citations and quotation marks omitted).

The record in this case demonstrates that the PBL voluntarily entered into an agreement with the Capitanes to, among other things, schedule, carry out, sell tickets to and officiate games in this forum. The League purposefully directed its activities at the residents of this forum in search of attendance to these games. Furthermore, the Court can only conclude that the PBL entered into this agreement with the Plaintiff precisely because the League stood to

CIV. NO. 10-1272 (PG)                                                      Page 7

benefit commercially from adding a Puerto Rico team to the League, thereby availing itself of any of the protections of Puerto Rico law or any other services provided by this state. Consequently, the Defendant could reasonably anticipate being haled into this forum's courts.

In light of the above, this Court finds that the PBL's agreement with the Capitanes represented nothing less than a purposeful availment of the privilege of conducting activities in Puerto Rico.

### c. Reasonableness

Finally, the court must decide whether exercising jurisdiction would be reasonable. "Gauging fairness requires an assessment of reasonableness for, in certain circumstances, unreasonableness can trump a minimally sufficient showing of relatedness and purposefulness." Harlow, 432 F.3d at 66 (internal citations and quotation marks omitted). The factors to be considered, known as the "Gestalt factors," include:

> (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

Id. (internal citations omitted).

As to the first factor, the Defendant contends that it is a small league based in Chicago, Illinois, with no ongoing connection to Puerto Rico. And because it plans to call multiple witnesses in support of its case, all of whom are outside of the jurisdiction of Puerto Rico courts, it would be financially burdensome to be forced to litigate in Puerto Rico. See Docket No. 12. Although we may fairly assume that the Defendant's appearance in Puerto Rico is to some extent burdensome, "the concept of burden is inherently relative, and, insofar as staging a defense in a foreign jurisdiction is almost always inconvenient and/or costly, we think this factor is only meaningful where a party can demonstrate some kind of special or unusual burden." Pritzker v. Yari, 42 F.3d 53, 64 (1st Cir.1994) (discussing travel from New York to Puerto Rico). However, because "modern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity, it usually will not be unfair to subject him to the burdens of litigating in another forum for disputes relating to such activity." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (internal citations omitted). Thus, without more, PBL "has not adequately demonstrated that an exercise of

CIV. NO. 10-1272 (PG)                                                    Page 8

jurisdiction in the present circumstances is onerous in a special, unusual, or other constitutionally significant way." Pritzker, 42 F.3d at 64.

The second factor - the interest of Puerto Rico in adjudicating the dispute - weighs heavily in favor of an exercise of jurisdiction. As a sister court well put it, "because the complaint alleges serious harm to a [Puerto Rico] resident, the state has a substantial interest in the resolution of the dispute." Annalee Mobilitee Dolls, Inc. v. Sterling Supply Co., Inc., No. 94-418-M, 1995 WL 674619, at *5 (D.N.H. August 14, 1995).

In the case now before the Court, the third and fourth elements - the plaintiff's interest in obtaining convenient and effective relief as well as the judicial system's interest in obtaining the most effective resolution of the controversy - are closely linked and weigh heavily in favor of the exercise of personal jurisdiction as well. Not only do courts "normally give deference to the plaintiff's choice of forum," Phillips, 530 F.3d at 30, but the controversy now before this Court is extremely time-sensitive and denying the exercise of personal jurisdiction could result in the matter turning moot. Consequently, efficient administration of justice favors jurisdiction in Puerto Rico, where this action is already proceeding against the Defendant.

With regards to the final prong of the Gestalt factors, this Court finds that the Defendant has failed to make any pertinent policy argument that would sway this Court from exercising personal jurisdiction over the PBL. As a result, pursuant to all of the foregoing, this Court concludes that the Gestalt factors support the conclusion that jurisdiction is reasonable.[1]

**B. Proper Venue**

In its motion, the Defendant also claims this forum is an improper venue. Once again, this Court disagrees.

The general venue statute, 28 U.S.C. § 1391(a), states in pertinent part that:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, … , be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject

---

[1] Having found that specific jurisdiction exists, this Court need not analyze whether or not the requirements of general jurisdiction are met.

CIV. NO. 10-1272 (PG)                                                    Page 9

>         to personal jurisdiction at the time the action is
>         commenced, if there is no district in which the
>         action may otherwise be brought.

When the defendant is a corporation, subsection (c) of the statute is triggered, which states as follows:

>         (c) For purposes of venue under this chapter, a
>         defendant that is a corporation shall be deemed to
>         reside in any judicial district in which it is subject
>         to personal jurisdiction at the time the action is
>         commenced. …

28 U.S.C. § 1391(c).

Having found that the Defendant is subject to personal jurisdiction in this forum state, the PBL shall thus be deemed to reside in Puerto Rico, as well as in any other venue where it conducts business. See Handigran v. Travis & Natalie, Inc., 379 F.Supp.2d 83, 84 (D.Mass. 2005) (holding venue is proper in any district where the defendant does business and as a result, more than one venue will often be proper). Consequently, pursuant to the applicable statute, the above-captioned diversity claim is properly brought in the District of Puerto Rico.

### IV. CONCLUSION

For the reasons stated above, PBL's request for dismissal for lack of personal jurisdiction and improper venue (Docket No. 12) is hereby **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, April 9, 2010.

                                        S/ JUAN M. PEREZ-GIMENEZ
                                        JUAN M. PEREZ-GIMENEZ
                                        U.S. DISTRICT JUDGE